```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

| | |
|---|---|
| JAMES MERRILL, JR., | : |
|    Petitioner, | : |
| v. | :   CIVIL ACTION 15-0375-KD-M |
| STATE OF ALABAMA, | : |
|    Respondent. | : |

REPORT AND RECOMMENDATION

Petitioner, an inmate at the Atmore Community Work Center has filed a petition for habeas corpus relief under 28 U.S.C. § 2254 (Doc. 1). Petitioner raises several claims, including assertions that he received ineffective assistance of both trial and appellate counsel (Doc. 1).

This Court, "in the exercise of its discretion and in furtherance of justice" may transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner. 28 U.S.C. § 2241(d). Merrill attacks a sentence imposed upon him by the Barbour County Circuit Court (Doc. 1). Barbour County is located within the jurisdiction of the United States District Court for the Middle District of Alabama, Southern Division. 28 U.S.C. § 81(b)(1). In light of the foregoing, the

1

Court concludes that transfer of this case to that court for review and disposition is appropriate. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 497 (1973)("Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy"); *see also* 28 U.S.C. § 2241.

Therefore, it is recommended that, in the interest of justice, this action be transferred to the United States District Court for the Middle District of Alabama for further proceedings. *Braden,* 410 U.S. at 497.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives

the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 30th day of July, 2015.

                           s/BERT W. MILLING, JR.
                           UNITED STATES MAGISTRATE JUDGE